UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-10003-CR-MARTINEZ/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CARLOS CASTILLO SANDOVAL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on CJA Voucher No. 113C.0679914 filed by counsel for Defendant, Carlos Castillo Sandoval, which was referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation on the appropriateness of the voucher. This case involved conspiracy to possess with intent to distribute and possession with intent to distribute more than five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. The case was resolved by plea of guilty. The CJA voucher submitted by Mr. Alfredo A. Izaguirre claims a total of $12,382.40, which is exceeds the $10,000 "cap" for felonies at the trial level. An *ex parte* hearing on the appropriateness of the voucher was conducted on September 6, 2018.

The applicable guidelines are set forth in the Guide to Judiciary Policy, Vol. 7, Part A, Chapter 2, § 230.23.40. Subsection(a) of that provision authorizes payments in excess of CJA compensation maximums in cases involving extended or complex representation when so certified by the court or a U.S. magistrate judge and approved by the chief judge of the circuit (or his or her delegate). Subsection (b) states that a case is "extended" if "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings." Subsection (c) sets forth the factors which the approving judicial officer may consider when determining if excess payment is necessary to provide fair compensation: (1) the responsibilities measured by the

magnitude and importance of the case; (2) the manner in which duties were performed; (3) the knowledge, skill efficiency, professionalism, and judgment required of and used by counsel; (4) the nature of counsel's practice and injury thereto; (5) any extraordinary pressure of time or other factors under which services were rendered, and (6) any other circumstances relevant and material to a determination of a fair and reasonable fee.

Regarding the time spent on legal work in the instant case, the CJA voucher filed by counsel reflects .9 hours for arraignment and plea; 1.10 hours for sentencing; 21.9 hours for interviews and conferences; 4.9 hours for obtaining and reviewing records, and 5.0 hours for legal research and brief writing, for a total of 33.80 hours billed. At the hearing, counsel explained that he visited his client on 5 occasions and participated in a lengthy debriefing of his client by the government. The undersigned finds that the time spent for legal work as reflected on this voucher is reasonable.

The voucher also reflects 58 hours of travel time, $1,725.63 (adjusted amount) in travel expenses and $6.75 in other expenses, for a total billing of $9,740.38. The undersigned finds that the travel expenses in this case were reasonable under the circumstances and counsel should not be required to bear any portion of them.

The claimed amount, excluding expenses, in this case exceeded the "cap" for a single case by $2,382.40 solely as the result of the high cost of travel to Key West. Since there are no CJA attorneys with offices in Key West, these costs were unavoidable. Accordingly, the undersigned hereby certifies that this case was "extended" for CJA reimbursement purposes.

## CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that CJA Voucher No. 113C.0679914 be approved, and that a memorandum/letter to the Eleventh Circuit Court of Appeals be sent requesting approval based on the extended nature of the case.

Counsel for the Defendant will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 11th day of September, 2018.

                                                                                   /s/ Lurana S. Snow
                                                                                   LURANA S. SNOW
                                                                                   UNITED STATES MAGISTRATE JUDGE

Copies to:

Alfredo A. Izaguirre, Esq.